IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darriel A. Burleson, | ) |
|            Plaintiff, | ) C.A. No. 8:24-1896-HMH-BM |
| vs. | ) **OPINION & ORDER** |
| Bill Nettles, *Attorney at Law*, | ) |
|            Defendant. | ) |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. Plaintiff, proceeding pro se, brings this 42 U.S.C. § 1983 action alleging that Defendant violated his constitutional rights. In his Report and Recommendation filed on June 5, 2024, Judge Marchant recommends dismissing Plaintiff's complaint without service of process and without leave to amend and denying Plaintiff's motion for a continuance. (R&R 8, ECF No. 21.)

Plaintiff filed timely objections to the Report and Recommendation. Objections to a report and recommendation must be specific. A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an

1

objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, it appears that Plaintiff has not specifically objected to the substance of the magistrate judge's findings or conclusions. However, out of an abundance of caution, the court has conducted a de novo review of the Report and Recommendation. In the Report and Recommendation, Magistrate Judge Marchant recommends dismissal because (1) Plaintiff fails to plausibly allege that Defendant is a state actor that can be sued under § 1983, (2) his claims are moot, and (3) abstention under Younger v. Harris, 401 U.S. 37 (1971), is warranted. Plaintiff does not challenge these findings but generally realleges his claims, itemizes his alleged damages, and requests that his complaint be dismissed without prejudice with leave to refile. (Objs. 1-2, ECF No. 23.)

In his complaint, Plaintiff alleges that Defendant failed to withdraw as counsel in his pending state criminal case despite Plaintiff's request for removal and that he did not receive bond, discovery, or a pretrial hearing for six months. (Compl. 1-2, ECF No. 1.) Defendant, a private attorney, is not a state actor under § 1983. Parkell v. South Carolina, 687 F. Supp. 2d 576, 586 (D.S.C. 2009) ("An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action

2

brought under 42 U.S.C. § 1983."). In addition, Defendant is no longer Plaintiff's counsel, and Plaintiff has been granted bond. Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/richland/PublicIndex/PISearch.aspx (last visited June 24, 2024) (search by case numbers "2023A4010204771" and "2023A4010204772"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice . . . is in noticing the content of court records." (internal quotation marks and brackets omitted)).

Further, the court cannot interfere in ongoing state criminal proceedings absent extraordinary circumstances. Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). There is no evidence of any extraordinary circumstances in this case. Robinson v. Thomas, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm." (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Finally, there is no basis to grant Plaintiff's request for a dismissal without prejudice on the record before the court. United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (internal quotation marks omitted)). As Magistrate Judge Marchant noted, should Plaintiff wish to do so, he may file a new complaint against appropriate defendants asserting cognizable claims. Therefore, after reviewing the objected-to portions of the Report and Recommendation de novo and the remainder for clear error, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Plaintiff's complaint is dismissed without service of process and without leave to amend. It is further

**ORDERED** that Plaintiff's motion for a continuance, docket number 20, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 28, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.